UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WILLIAM JUDE DESHOTEL, ET AL

VERSUS

WEST BATON ROUGE PARISH
SCHOOL BOARD, ET AL

CIVIL ACTION

NUMBER 10-81-FJP-CN

### RULING

Plaintiffs, William Jude Deshotel and Angela Gaidry Deshotel, are the parents of a disabled child who is eligible for special education and related services under the Individuals with Disabilities Education Improvement Act ("IDEA").[1] Under the IDEA, the plaintiffs have the right to challenge educational decisions made by the School Board which they consider to be inappropriate. In Louisiana, parental challenges to educational decisions must first exhaust remedies through an administrative due process hearing mechanism established by the State of Louisiana pursuant to its authority under the IDEA.[2]

The issue before the Court is whether the Deshotels have exhausted the required due process proceedings prior to bringing the instant suit against the defendants, the West Baton Rouge Parish School Board, David Corona, David Strauss, Hope Supple, Fred

---

[1] 20 U.S.C. § 1400 (2005).

[2] La. Rev. Stat. 17:1941 (1998).

Doc#46867

Black, Anna Wilkinson, and Missy Devillier.  A review of the record reveals that the plaintiffs have not exhausted their administrative remedies.  It is clear that the plaintiffs have set forth specific factual allegations in their federal complaint which were not raised in the due process hearing held on October 6, 2009.

The plaintiffs contend that since they have not made any claims for violations of the IDEA, the requirements of exhausting administrative remedies is inapplicable in this case.  As noted earlier, the Court believes that the plaintiffs' claims are all related to IDEA.  It is clear that the Fifth Circuit has established that other constitutional violations are limited by the same exhaustion rule of the IDEA when those violations are brought under an IDEA-grounded theory.[3]

The defendants rely on numerous Fifth Circuit cases to support their motion to dismiss wherein the plaintiffs attempted to disguise the IDEA claim as another constitutional violation in order to bypass the exhaustion requirement.  These cases are applicable under the facts of this case.  The plaintiffs have failed to distinguish their case from these Fifth Circuit cases.  This Court is bound to follow Fifth Circuit precedent when applying the law to the facts of this case.

The IDEA statute contains an exception to the exhaustion rule

---

[3] *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 622 n. 20 (5th Cir. 2003).

which is rarely granted and does not apply under the facts of this case.  A court may allow a plaintiff to bypass the IDEA's exhaustion requirement only if the plaintiff can demonstrate futility or an emergency situation such as an adverse effect on the student's mental or physical health.  The burden of showing that administrative exhaustion procedures may be avoided is on the plaintiffs.  The plaintiffs have failed to establish any circumstances which would allow the Court to apply the exception to the exhaustion obligations under the IDEA.

After reviewing all of the contentions of the parties, the Court finds that plaintiffs have failed to exhaust the administrative remedies required under the IDEA.  Thus, the defendants' motion to dismiss[4] is granted.  Plaintiffs' suit will be dismissed without prejudice.

Baton Rouge, Louisiana, August 6, 2010.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[4]Rec. Doc. No. 8.